UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SARASADAT MESCHI, et al., | Case No. 26-cv-01993-AGT |
| Plaintiffs, | |
| v. | **ORDER ON MOTION FOR PRELIMINARY INJUNCTION** |
| JOSEPH B. EDLOW, | Re: Dkt. No. 7 |
| Defendant. | |

Plaintiffs are 16 Iranian nationals, two Cuban nationals, one Nigerian national, and one national of Mexico and Venezuela (20 Plaintiffs total) who, between March 7, 2025, and February 24, 2026, each filed a Form I-765 Application for Employment Authorization with USCIS. Pursuant to Policy Memoranda 602-0192 ("PM-0192") and 602-0194 ("PM-0194"), respectively issued on December 2, 2025, and January 1, 2026, USCIS placed an indefinite adjudication hold on Plaintiffs' I-765 applications. The hold applies to immigration benefit applications filed by noncitizens from 39 high-risk countries. *See* Dkt. 1-1, 1-2.

On March 15, 2026, Plaintiffs filed a motion for a preliminary injunction. They argue that the indefinite hold is unlawful and seek a court order that would require USCIS to grant or deny their I-765 applications within 30 days. Dkt. 7-2. Having considered the briefing, evidence, and governing law the Court issues the following rulings on Plaintiffs' motion.

\* \* \*

1. The Court has jurisdiction under the mandamus statute, 28 U.S.C. § 1361, and the federal-question statute, 28 U.S.C. § 1331. The jurisdiction-stripping provisions of 8 U.S.C. § 1252(a)(2)(B) don't apply. *See Behdin v. Edlow*, No. 26-CV-00566-SVK, 2026 WL 1031079, at *5–11 (N.D. Cal. Apr. 16, 2026) (evaluating the same jurisdictional arguments raised by USCIS here and cogently explaining why they lack merit).

2. Plaintiffs were not misjoined. Each of their I-765 applications was placed on hold by PM-0192 or PM-0194 (the "same transaction and occurrence"), and Plaintiffs all contend that the hold is unlawful under the Administrative Procedure Act (APA), 5 U.S.C. § 706, among other laws (a common question of law). *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1296 (9th Cir. 2000) (citing Fed. R. Civ. P. 20(a)).

3. Venue is proper in this District. "The clear weight of federal authority holds that venue is proper in a multi-plaintiff case [against the government] if any plaintiff resides in the District." *City & Cnty. of San Francisco v. Trump*, No. 25-CV-01350-WHO, 2025 WL 2243619, at *6 (N.D. Cal. Aug. 5, 2025) (quoting *Californians for Renewable Energy v. EPA*, No. C 15-3292 SBA, 2018 WL 1586211, at *5 (N.D. Cal. Mar. 20, 2018)). Plaintiff Sarasadat Meschi resides in Redwood City, California. Dkt. 7-3.

4. At a minimum, Plaintiffs are likely to prevail on their claim that USCIS's indefinite adjudication hold constitutes "final agency action," 5 U.S.C. § 704, that is arbitrary and capricious in violation of the APA, § 706(2)(A). *See Behdin*, 2026 WL 1031079, at *18–22 (persuasively explaining why). In addition to adopting *Behdin*'s reasoning, the Court also notes that USCIS put in place an indefinite hold without considering whether a hold for a specific duration (e.g., 90 days) could have sufficed. A hold with a fixed end point would

have given USCIS time to review and bolster its security review processes while giving applicants some indication of how long they would need to wait. The indefinite hold leaves applicants in the dark. USCIS didn't provide "a reasoned explanation" for the indefinite hold. *Encino Motorcars, LLC v. Navarro*, 579 U.S. 211, 221 (2016).

5. Plaintiffs have "presented evidence of [the] irreparable harm they will suffer if their applications remain frozen," *Behdin*, 2026 WL 1031079, at \*25; s*ee* dkt. 7-3 to -20 (Plaintiffs' declarations), and the balance of hardships tips toward them, *Behdin*, 2026 WL 1031079, at \*25–26 (identifying why). The Court will "restore the status quo by enjoining USCIS from applying the adjudicatory hold to Plaintiffs' Forms [I-765] and compelling USCIS to resume adjudication of those Forms." *Saghafi v. Edlow*, 2026 WL 1127468, at \*15 (D. Md. Apr. 24, 2026) (similarly concluding that PM-0192 and PM-0194's indefinite adjudication hold is likely arbitrary and capricious and preliminarily enjoining it).

6. On a motion for a preliminary injunction, "[i]t is not usually proper to grant the moving party the full relief to which he might be entitled if successful at the conclusion of a trial." *Tanner Motor Livery, Ltd. v. Avis, Inc.*, 316 F.2d 804, 808 (9th Cir. 1963) (explaining that "the usual function of a preliminary injunction is to preserve the status quo ante litem pending a determination of the action on the merits"). For this reason, the Court won't order USCIS to adjudicate Plaintiffs' I-765s within 30 days, as Plaintiffs request. Such an order would grant Plaintiffs the ultimate relief they seek in their complaint. *See* Dkt. 1 at 32.

Here, "the status quo consist[s] of the usual, though sometimes prolonged, processing and adjudication of Forms [I-765] within a reasonable time and without an adjudicatory hold in place." *Saghafi*, 2026 WL 1127468, at \*15. Plaintiffs may argue on summary judgment that, even without the hold, the processing times are unreasonable, *see* Immigration

3

Mandamus Case Procedural Order, Dkt. 4 (setting a summary judgment schedule), but Plaintiffs need to give USCIS an opportunity to adjudicate their I-765s without the hold first.[1]

\* \* \*

Plaintiffs' motion for a preliminary injunction is granted in part and denied in part. USCIS is enjoined from applying the PM-0192 and PM-0194 adjudication hold to any Form I-765 application filed by any Plaintiff. USCIS must resume adjudicating Plaintiffs' I-765s in a manner consistent with USCIS's non-hold policies. *See* Opp'n, Dkt. 16 at 26 (representing that "USCIS generally adjudicates I-765 applications in the order they are received").

**IT IS SO ORDERED.**

Dated: April 29, 2026

Alex G. Tse
United States Magistrate Judge

---

[1] As of the date of this Order, nine of the 20 Plaintiffs have been waiting 180 days or less for USCIS to adjudicate their I-765 applications. *See* Compl. ¶¶ 19–39; Pls.' Chart, Dkt. 18-6; 8 U.S.C. § 1571(b) (identifying Congress' expectation, but not a mandatory timeline, that "the processing of an immigration benefit application should be completed not later than 180 days after the initial filing of the application . . .").