UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SARASADAT MESCHI, et al.,<br>Plaintiffs,<br>v.<br>JOSEPH B. EDLOW,<br>Defendant. | Case No. 26-cv-01993-AGT<br><br>**ORDER ON CROSS-MOTIONS FOR SUMMARY JUDGMENT**<br><br>Re: Dkt. Nos. 32, 33 |

The Court denies the parties' cross-motions for summary judgment, without prejudice to refiling after the appeal is resolved in *Dorcas International Institute of Rhode Island v. United States Citizenship & Immigration Services*, No. 26-1703 (1st Cir. June 12, 2026).

The *Dorcas* district court vacated USCIS's indefinite hold on adjudicating immigration benefit applications filed by noncitizens from 39 countries. *See Dorcas Int'l Inst. of R.I. v. U.S. Citizenship & Immigr. Servs.*, 834 F. Supp. 3d 242, 328 (D.R.I. June 5, 2026). If that decision is affirmed on appeal, it will moot Plaintiffs' claims in this case. The only relief Plaintiffs still seek is a permanent injunction that would enjoin the hold. Dkt. 33-2. There will be no hold to permanently enjoin if the hold is definitively vacated.

Contrariwise, if the hold's vacatur is reversed in *Dorcas*, Plaintiffs could still seek to permanently enjoin the hold in this case. Arguably, in this latter scenario, Plaintiffs' claims would still be moot. After Plaintiffs filed their complaint, USCIS adjudicated their immigration benefit applications, approving all of them but one, which was terminated as moot. *See* Dkt. 32-1 to -4. Even if the hold is reinstated, then, it won't immediately affect Plaintiffs.

Plaintiffs have invoked the "capable of repetition yet evading review" exception to mootness, *Ctr. for Biological Diversity v. Lohn*, 511 F.3d 960, 964 (9th Cir. 2007) (quoting another source), asserting that if the hold is reinstated it will affect them because they will need to file new immigration benefit applications in 2028. Dkt. 33 at 8–9. If that mootness exception applies, the Court could still permanently enjoin the hold, assuming Plaintiffs otherwise satisfy the requirements for permanent injunctive relief.

The Court could resolve the question now of whether the "capable of repetition yet evading review" mootness exception applies, but doing so wouldn't be a good use of judicial resources. If the *Dorcas* vacatur is affirmed and the adjudication hold is definitively vacated, the hold won't apply even to Plaintiffs' future immigration benefit applications. In that scenario, Plaintiffs don't suggest that the mootness exception would apply.

Because of the posture in this case, interests of judicial efficiency counsel in favor of delaying the final resolution until after the appeal in *Dorcas* is resolved. And because neither side has identified any potential prejudice from this delay, the interests of judicial efficiency are not outweighed by other factors.

The parties shall file a joint status report every six months until the appellate mandate is issued in *Dorcas*. After the mandate is issued, the parties shall file a further joint status report in which they explain how they intend to proceed in this case, including whether they

intend to renew their cross-motions for summary judgment.

**IT IS SO ORDERED.**

Dated: September 23, 2026

Alex G. Tse
United States Magistrate Judge